UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF MULTIJURISDICTION
PRACTICE LITIGATION                                              MDL No. 2568

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in three actions pending in three districts, as listed on Schedule A, move to centralize this litigation involving challenges to local rules governing attorney admission to federal practice in three federal district courts. Plaintiffs seek centralization in the Eastern District of Pennsylvania or the District of the District of Columbia. Defendants,[1] judges of the various districts and United States Attorney General Eric H. Holder, Jr., oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. This litigation revolves around a predominately legal and relatively straightforward factual dispute concerning the propriety of local rules of three district courts. Plaintiffs in each action seek to obtain general admission privileges in each court. Aside from the commonality of some plaintiffs, there are too few common fact questions involved in these actions to justify centralization, and the efficiencies gained by centralization appear to be marginal at best.

---

[*] Judge Ellen Segal Huvelle did not participate in the decision of this matter.

[1] John D. Bates, James E. Boasberg, Rosemary M. Collyer, Rudolph Contreras, Beryl A. Howell, Ellen S. Huvelle, Amy Berman Jackson, Ketanji Brown Jackson, Colleen Kollar-Kotelly, Richard J. Leon, Richard W. Roberts, Emmet G. Sullivan, Reggie B. Walton, Robert L. Wilkins; Richard D. Bennett, Catherine C. Blake, James K. Bredar, Deborah K. Chasanow, Theodore D. Chuang, Marvin J. Garbis, Paul W. Grimm, George J. Hazel, Ellen L. Hollander, Peter J. Messitte, J. Frederick Motz, William M. Nickerson, William D. Quarles, Jr., George L. Russell, III, Roger W. Titus; Renee Marie Bumb, Dennis M. Cavanaugh, Claire C. Cecchi, Stanley R. Chesler, Mary L. Cooper, Dickinson R. Debevoise, Michael A. Hammer, Katherine S. Hayden, Noel L. Hillman, Faith S. Hochberg, Joseph E. Irenas, Robert B. Kugler, Jose L. Linares, William J. Martini, Kevin McNulty, Joel A. Pisano, Joseph H. Rodriguez, Esther Salas, Peter G. Sheridan, Michael Shipp, Jerome B. Simandle, Anne E. Thompson, William H. Walls, Susan D. Wigenton, Karen M. Williams, Freda L. Wolfson and U.S. Attorney General Eric H. Holder, Jr.

-2-

Specifically, the involved rules in each action are different, arose in different contexts and will require an individualized analysis. Further, the courts and defendants to each action are different (with the exception of Attorney General Holder, who is a defendant in all actions). Finally, the litigation likely will hinge on the resolution of legal questions without requiring significant, if any, discovery.

While each action focuses on the constitutionality of restrictions on attorney admission contained in each court's local rules, these common legal questions are insufficient to satisfy Section 1407's requirement of common factual questions. *See, e.g., In re Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L.1977) (denying centralization and noting that "the predominant, and perhaps only, common aspect in these actions is a legal question of statutory interpretation"). Although plaintiffs seek efficiencies through centralized treatment of the disputed legal questions, "[m]erely to avoid [different] federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009); *see also In re Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (same).

While we are denying centralization here, we encourage the parties to explore available alternatives to centralization to minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

IN RE: NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF MULTIJURISDICTION
PRACTICE LITIGATION  MDL No. 2568

## SCHEDULE A

<u>District of District of Columbia</u>

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF MULTIJURISDICTION
    PRACTICE, ET AL. v. ROBERTS, ET AL., C.A. No. 1:13-1963

<u>District of Maryland</u>

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF MULTIJURISDICTION
    PRACTICE, ET AL. v. HOLDER, ET AL., C.A. No. 1:14-2110

<u>District of New Jersey</u>

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF MULTIJURISDICTION
    PRACTICE, ET AL. v. SIMANDLE, ET AL., C.A. No. 1:14-3678